IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV458-03-MU

| | |
|---|---|
| DOUGLAS WADE MELTON,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>(FNU) SUMMERS, Captain at the Rutherford  )<br>County Detention Facility; SHERRIE SIMMONS,  )<br>Lieutenant at the Rutherford County Detention  )<br>Facility; (FNU) WARREN, Nurse at the Rutherford  )<br>county Detention Facility,  )<br>  )<br>    Defendants.  )<br>_____)  | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's Complaint and Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. Nos. 1 and 3.) Plaintiff alleges that his civil rights were violated while a pretrial detainee at Rutherford County Detention Facility by Defendants Captain Summers, Lieutenant Sherrie Simmons and Nurse Warren. Specifically, Plaintiff alleges that he suffers from a deformity to his lower right extremity and was denied necessary orthopedic footwear causing him pain. Next, Plaintiff alleges that he has filled out requests to see the nurse or doctor which have either been denied or gone unanswered. Finally, Plaintiff contends that he has been placed in long term segregation and while in long term segregation, he has been denied his right to exercise and to use the telephone.

To the extent that Plaintiff has included Captain Summers in his Complaint in his capacity as Captain of Rutherford County Detention Facility, the Court notes that the doctrine of

1

respondeat superior is generally inapplicable to § 1983 suits. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Captain Summers instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Sheriff McDevitt. <u>Fisher v. Washington Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Captain Summers then is if Captain Summers acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. <u>Carter v. Morris</u>, 164 F.3d 215, 221 (4th Cir. 1999).

Here, the only allegation against Captain Summers is that he did not respond to Plaintiff's grievance. This allegation is insufficient to establish that Captain Summers Acted with deliberate indifference to the acts of his subordinates. Therefore, Plaintiff has failed to state a claim against Defendant Summers and he is dismissed.

After careful review of the remaining allegations of Plaintiff's Complaint, the undersigned finds that Defendants Lieutenant Sherrie Simmons and Nurse Warren should file an Answer detailing Plaintiff's allegations and responding to each.

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant Captain Summers is dismissed and should be removed from the

caption of the Complaint;

(2) Defendants Simmons and Warren shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure;

(3) The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost.

**SO ORDERED**.

Signed: October 20, 2008

Graham C. Mullen
United States District Judge