IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV458-3-MU

| | |
|---|---|
| DOUGLAS WADE MELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SHERRI SIMMONS et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Order of Medical Examination (Doc. No. 27); Motion to Compel Production of Documents (Doc. No. 28); Motion to Compel Interrogatory Responses (Doc. No. 29); and Motion to Take Depositions (Doc. No. 30)

**Motion for Medical Examination**

Plaintiff asks that this Court direct that he receive a medical examination pursuant to Federal Rule of Civil Procedure 35(a). Plaintiff seeks this examination because he feels "its a imparitive (sic) part of this case to have a certified opinion as to the plaintiff's medical status on allegations brought fourth concerning the right lower extremity and relating conditions within the complaint." (Motion at 1.)

Defendants note that Plaintiff is seeking the examination not for any needed treatment, but rather to provide "a certified opinion as to the plaintiff's medical status on allegations brought forth concerning the right lower extremity and relating conditions within the complaint."

1

Petitioner's "right lower extremity"injury is as a result of a gunshot wound to the right calf over five years ago.

Plaintiff cites to Rule 35 of the Federal Rules of Civil Procedure as authority in support of his request. Rule 35 empowers a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." However, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Brown v. U.S., 74 Fed. App'x 611, 614 (7th Cir. August 11, 2003), Adams v. Epps, 2008 WL 4861926 at *1 (S.D. Miss. 2008) ("Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.'"). "Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." Brown, 74 Fed. App'x at 164; see also Cabrera v. Williams, 2007 WL 2682163 at *2 (D. Neb. Sept 7, 2007) (denying prisoner's request for medical examination under Rule 35); Lindell v. Daley, 2003 WL 23111624 at *1-2 (W.D. Wis. June 30, 2002) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party. . . . The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.")

Rule 35 does not authorize this Court to order that Plaintiff receive an examination of himself. Therefore, Plaintiff's Motion for Order of Medical Examination is denied.

**Motion to Compel Production of Documents**

In his Motion to Compel Production of Documents Plaintiff seeks an order compelling Defendants to produce three categories of documents to which objection was made on grounds of

relevancy and undue burden. The Court will address each of the three requests in turn.

Request No. 3: This request seeks "a transcript/copy of all housing /cell locations in the facility since Oct. 13th 2003 until present day May 19th 2008 and list of inmates names within that cell and address."

Defendants argue that the requested documents are not relevant. Indeed, Defendants argue that it is unnecessary for Plaintiff to identify his cellmates going back to 2003, as he does not need witnesses to establish something not in dispute, i.e., that he did not receive orthopedic footwear in jail. Moreover, the sought after information does not exist in the manner requested, i.e. there are no preexisting lists showing inmates with their assigned cell locations. To prepare such a document would require Defendants undertake the labor intensive and unduly time consuming steps outlines in their motion.

Plaintiff's Motion to Compel Production of Documents in denied because the information is not relevant and because the information sought does not exist in the manner requested and the preparation of such a document would be incredibly labor intensive and time consuming.

Request Nos. 7 & 8: These requests seek all "medical requests . . . submitted to the medical staff" by Plaintiff and the entirety of his jail records from October 13, 2003 to May 19, 2008. Defendants objected to the requests because there exists no index, summary, compilation or abstract from which the information would be retrieved without a manual search of uncategorized boxes of documents going back over five years. However, Defendants advised that any such documents generated during 2007 and 2008, which cover the two periods of confinement for which Plaintiff sues, should be retrievable and would be provided if found. Defendants report that such documents have been located and provided to Plaintiff.

The Court declines to order that Defendants produce the medial requests for Plaintiff's times in custody prior to 2007 for the reasons stated in Defendants' opposition. Therefore, Plaintiff's Motion to Compel the Production of Documents is denied.

**Motion to Compel Interrogatory Response**

Plaintiff complains about non-receipt of Defendants' response to two sets of interrogatories served December 29, 2008. Plaintiff's motion is denied as moot as Defendants has since served their responses on Plaintiff.

**Motion to Depose Other Inmates**

Plaintiff's motion seeks an order allowing him to depose three inmates currently in state or local custody. However, Plaintiff does not mention the specifics of such depositions (i.e. when, where and by whom such depositions would be conducted) and importantly who would bear the cost. Civil litigants, including pro se litigants, generally bear their own deposition costs. See Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa 1991) (28 U.S.C. § 1915(a) does not require the government to advance funds for deposition expenses); Doe v. US, 112 F.R.D. 183, 185 (S.D.N.Y. 1986) (neither the defendant nor the government is required to pay for the deposition costs of a prisoner litigant).

Plaintiff's Motion to depose Other Inmates is denied at this time.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Medical Examination (Doc. No. 27); Motion for an Order Compelling Discovery (Doc. No. 28): Motion for An Order Compelling Discovery (Doc. No. 29); and Motion to Depose Inmates (Doc. No. 30) are denied for the reasons stated in this Order. Parties are reminded that as directed in this Court's previous Order (Doc. No. 33) they are to advise the court forty-five days from February

4

12, 2009, of the status of Plaintiff's medical records and dispositive motions, if appropriate, shall be filed after the discovery regarding Plaintiff's medical records is complete.

**SO ORDERED**

Signed: February 23, 2009

Graham C. Mullen
United States District Judge